ROBERT L. BLAND, Judge.
This is a claim filed October 10th, 1941, in the court of claims, for determination upon the record prepared by the state road commission under the provisions of section 17 of the act of the Legislature creating the court. It appears from- this record that the claim is for “damage to flowers and plants by dust and gravel blown by the wind while cleaning and sweeping U. S. route No. 11, in Berkeley county.” The record discloses the following pertinent matters:
“What payment recommended: Full amount, if state is liable, $119.25.”
“Reason for compensation: State road forces were working on U. S. route 11, widening pavement and exercising all possible precaution to prevent damage, but while sweeping a sudden gust of wind rained a cloud of dust which settled on flowers alongside of road.”
The payment of the claim so recommended as above stated by the head of the state agency concerned, is approved by the special assistant to the attorney general.
What should be our determination in the premises? When a claim is submitted to the court under the “shortened procedure” provisions of the court act the statute makes it the duty of the court to consider the claim informally upon the record; and the statute expressly provides: “If the court determines that the claim should be entered as an approved claim *73 and an award made, it shall so order and shall file its statement with the clerk. If the court finds . . . that the claim ¡should not be paid it shall reject the claim. The rejection of a claim under this section shall not bar its resubmission under the regular procedure.”
As a general rule an award will be made when the payment of a claim is concurred in by the head of the state agency concerned and is approved by the attorney general as a claim which should be paid; but we think that where it appears from the record that such a claim should not be paid, it is the duty of the court of claims to reject the claim.
The claim under consideration is only conditionally concurred in by the state road commission. It recommends the payment of the claim if the state is hable therefor. Is the state hable for the payment of the claim? We think it is not. In its work upon the highway in question the state was engaged in the performance of legitimate duties. The employees of the road commission were not guilty of any negligent acts. They were, according to the record under consideration, “exercising all possible precaution to prevent damage, but while sweeping, a sudden gust of wind rained a cloud of dust which settled on flowers alongside of the road.” For this happening the workmen were not responsible. They could not anticipate a “sudden gust of wind,” or that such wind would “rain a cloud of dust” on the claimant’s flowers. They were not responsible for this force of nature. They could not prevent it. No acts on their part constituted a proximate cause of the damage for which this claim is made. The state is not liable for an act of God. This law is well settled. In the case of Brown v. State Road Commission, decided at the October term 1941, of this court, we held: “An act of God is a direct, violent, sudden or irresistible act of nature which could not by the exercise of reasonable care and diligence have been avoided or resisted.”
The award is therefore denied and the claim dismissed.